Case 1:07-cv-05222-CBA   Document 18   Filed 12/30/11   Page 1 of 8 PageID #: 105

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 30 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NATHANIEL BERNARD,

                    Petitioner,

    -against-

UNITED STATES OF AMERICA,

                    Respondent.
------------------------------------------------------------X

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
07-cv-5222 (CBA)

**AMON, United States District Judge**.

*INTRODUCTION*

Petitioner Nathaniel Bernard, *pro se*, petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2255.[1] He was convicted in this Court after a jury trial of carjacking, robbery, and conspiracy to commit those offenses. He was initially sentenced to a 188-month term of imprisonment, which was later reduced to 178 months. Bernard argues that (1) he was denied effective assistance of counsel for various errors of trial counsel related to the interstate commerce element of his offenses of conviction; (2) he was denied effective assistance of counsel when trial counsel failed to call his codefendant as a witness; (3) the Government failed to prove that he was aware that the stolen money was United States property; and (4) he should be resentenced so that his sentence is proportional to that of his codefendant. The Court finds that Bernard is not entitled to relief for his first, third, and fourth claims. As to his second claim, the Court orders Bernard's trial attorney, Norman Trabulus, Esq., to submit an affidavit addressing Bernard's allegations regarding his co-defendant's testimony.

---

[1] Bernard's "Petition" actually consists of an initial Petition and four additional filings. Mindful of the more lenient standards to which *pro se* filings are held, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), the Court considers all claims raised by Bernard's filings in this Memorandum and Order.

1

## BACKGROUND

On January 29, 2003, Bernard was arrested along with his uncle Troy Vaval and two others for participating in a carjacking and robbery in Queens, New York. About a month earlier, Bernard had put Vaval in touch with Louis Mercado, who bought a pistol from Vaval. On January 2, 2003, Vaval contacted Mercado again to arrange a firearm sale. This time, however, the plan was to rob Mercado. What Vaval, Bernard, and the other coconspirators did not know was that Mercado was a confidential informant for the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), that the $6,500 they planned to steal belonged to ATF, and that ATF planned to monitor the entire transaction.

When Mercado arrived at the arranged meeting place, Vaval directed him to follow Vaval's car. Vaval led Mercado to an alley where three gunmen were waiting. The crew stole the $6,500 along with Mercado's car keys and gold chain. When ATF agents arrived on the scene, Vaval and Bernard, who had been in Vaval's car the whole time, escaped in Vaval's car. After he was apprehended in late-January, Bernard gave a post-arrest statement. He admitted that he introduced Mercado and Vaval, that he knew a robbery was going to take place, and that he was in Vaval's car throughout the robbery.

Bernard was charged by superseding indictment on September 17, 2003. He was accused of knowingly and intentionally taking a motor vehicle that had been transported, shipped, and received in interstate commerce, with intent to cause death and serious bodily harm, 18 U.S.C. § 2119(1); knowingly and intentionally robbing a person having lawful charge, control, and custody of money of the United States, 18 U.S.C. § 2114(a); conspiracy to commit both the carjacking and robbery, 18 U.S.C. § 371; and knowingly and intentionally using and carrying a firearm during and in relation to the other crimes, 18 U.S.C. § 924(c)(1)(A)(ii). At trial, Bernard stipu-

lated to the fact that Mercado's car had traveled in interstate commerce. He then took the stand and testified that he had been asleep in Vaval's car and that the robbery was already taking place when he awoke. The jury was not persuaded. It returned guilty verdicts on the carjacking, robbery, and conspiracy charges.

Initially, this Court imposed a 188-month sentence. On direct appeal, the Second Circuit denied Bernard's sufficiency of the evidence claim and his claim that this Court erred by declining to hold a *Franks* hearing. It did remand the case for resentencing in light of *United States v. Booker*, 543 U.S. 220 (2005) and *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005), and this Court reduced Bernard's prison term to 178 months. *United States v. Vaval*, 132 F. App'x 386 (2d Cir. 2005). Bernard's subsequent appeal was denied. *United States v. Vaval*, 209 F. App'x 24 (2d Cir. 2006).

## DISCUSSION

### I. Ineffective Assistance of Counsel

Bernard's first set of claims alleges ineffective assistance of counsel. Though "the general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice," the rule does not apply to ineffective assistance of counsel claims. *Massaro v. United States*, 538 U.S. 500, 504 (2003). The Court may therefore entertain Bernard's claims.

In order to establish ineffective assistance of counsel, a petitioner must show (1) that he was deprived of "reasonably effective assistance," and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 687, 694. "The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstanc-

3

es," and "[t]here is a strong presumption that counsel's performance falls within the wide range of professional assistance." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986). Having reviewed Bernard's claims under the *Strickland* standard, the Court finds the claim regarding the interstate commerce element meritless and requests as noted below information from Bernard's attorney on Bernard's claim that pertaining to the testimony of Vaval.

### A. Interstate Commerce Element

Bernard first faults his trial counsel for various alleged errors surrounding the interstate commerce issue in his trial. He argues that his trial counsel failed to ensure that the indictment against him included an interstate commerce element. Pet. at 7. He also contends that his trial counsel failed to hold the government to its obligation to prove that element, presumably arguing either that counsel should not have stipulated to the origin and point of sale of Mercado's car or that counsel should have argued that this stipulation was insufficient evidence. Pet. at 3-5. Finally, Bernard asserts that he is actually innocent of the interstate commerce element. Pet. at 6. None of these arguments has merit.

The only substantive offense Bernard was charged with that contains an interstate commerce element was the carjacking charge, 18 U.S.C. 2119(1), in Count Two. Count Two of the Superseding Indictment "fully, directly, and expressly, without any uncertainty or ambiguity," *Hamling v. United States*, 418 U.S. 87, 117 (1974), set forth the interstate commerce element. Count One, charging Bernard with conspiracy to commit the substantive offense of carjacking, set forth the interstate commerce element as well. Because the indictment included the interstate commerce element for the only crimes containing such an element, Bernard's attorney was not ineffective for failing to raise the issue.

4

At trial, Bernard stipulated to the fact that "Mercado's 1992 Buick LeSabre vehicle . . . was shipped from the General Motors assembly plant in Flint, Michigan to McNamara Buick-Pontiac incorporated in Port Jefferson New York." Tr. at 90-91. This is sufficient proof to establish the interstate commerce element of the carjacking, so Bernard's attorney was not ineffective for not challenging this proof. Nor was he ineffective for stipulating to this fact in the first place. "[W]hat stipulations should be made," is a "matter[] that primarily involve[s] trial strategy and tactics . . . ." *Brown v. Artuz*, 124 F.3d 73, 77 (2d Cir. 1997) (internal quotations omitted). It was perfectly sound trial strategy for Bernard's counsel to stipulate to such a readily provable and incontrovertible fact as the states of origin and sale of Mercado's car.

In short, there was no defect in either the charge or proof of the required interstate commerce element. Bernard's claims regarding the interstate commerce element are therefore denied.

*B. Failure to Call Codefendant*

Bernard's next claim is that trial counsel was ineffective for failing to call Bernard's codefendant, who Bernard claims "told counsel that he would testify to [Bernard's] claim of innocence." Mot. for Leave to Amend, D.E. #6, at 1. As evidence for this, Bernard offers only his own sparse affidavit in which he claims that Vaval told Bernard's attorney that he was willing to testify to Bernard's innocence. Aff. at 1. Bernard requests an evidentiary hearing, presumably so that he may adduce further proof that this occurred.

Though the Second Circuit "takes a dim view of any summary rejection of a petition for postconviction relief when supported by a sufficient affidavit . . . a judge is well within [her] discretion in denying a petition when the supporting affidavit is insufficient on its face to warrant a hearing." *Dalli v. United States*, 491 F.2d 758, 760 (2d Cir. 1974). A hearing need not be held where "the motion and the files and records of the case conclusively show that the prisoner is

5

entitled to no relief . . . ." 28 U.S.C. § 2255(b). The Court questions whether Bernard's affidavit alone is insufficient to warrant an evidentiary hearing. Nonetheless, out of an abundance of caution, the Court hereby orders Bernard's attorney, Norman Trabulus, Esq., to submit an affidavit to the Court addressing Bernard's claim that Vaval volunteered to testify to Bernard's innocence at the trial.

## II.   *Absence of Knowledge That Stolen Money Belonged to United States*

Bernard next claims that the government did not prove that he knew that the money he stole from Mercado belonged to the United States. Suppl. Pleading at 2-3. This is true, but it does not matter. This is because the requirement in 18 U.S.C. § 2114(a) that the money stolen belonged to the United States is merely jurisdictional; it is not a substantive element of the offense. The government is therefore not required to prove that Bernard knew the money he helped steal belonged to the United States. *See United States v. Smithen*, 213 F.3d 1342, 1343-44 (11th Cir. 2000); *cf. United States v. Feola*, 420 U.S. 671, 684-86 (1975) (holding that knowledge that victim is a federal officer not required for conviction of 18 U.S.C. § 111); *United States v. Jermendy*, 544 F.2d 640, 641 (2d Cir. 1976) (knowledge that property belongs to United States is not required for conviction under 18 U.S.C. § 641); *United States v. Salgado*, 519 F.3d 411, 413-14 (7th Cir. 2008) (noting *Feola*'s holding and analogizing 18 U.S.C. § 111 to 18 U.S.C. § 2114(a)). The claim is denied.

## III.   *Substantive Unreasonableness of Sentence*

Bernard's final claim is that his sentence is substantively unreasonable because, especially in comparison to Vaval's sentence, it is "greater than necessary" under 18 U.S.C. § 3553. To begin with, Bernard failed to challenge the substantive reasonableness of his sentence on direct appeal. *Vaval*, 209 F. App'x at *2 n.2 ("Bernard challenges only the calculation of his guidelines range,

6

and not the substantive reasonableness of his sentence."). He has not established cause and prejudice or actual innocence to overcome this failure, so the claim is defaulted. *See Bousley v. United States*, 523 U.S. 614, 623 (1998).

And even if his claim was not procedurally defaulted, the Court would find it meritless. Upon remand from the Second Circuit, this Court carefully reviewed the § 3553(a) factors in resentencing. In imposing a below-guidelines sentence, the Court took into account the fact that Bernard's uncle, Vaval, had a negative influence on Bernard. Although Bernard is correct to point out that Vaval—who was perhaps the ringleader—received a more lenient sentence than he did, he fails to note some crucial differences. For one, Vaval's initial 168-month prison term—ten months fewer than Bernard's—was entered pursuant to a guilty plea. For another, Vaval's later resentencing to a 108-month term occurred after remand and reassignment to another district judge. Bernard's sentence is easily "within the range of permissible decisions," *United States v. Cavera*, 550 F.3d 180, 189-90 (2d Cir. 2008). His final claim is therefore denied.

*CONCLUSION*

Bernard is not entitled to habeas relief on his claims of ineffective assistance of counsel concerning the interstate commerce element of his offense; that the Government failed to prove that he was aware that the money he stole was property of the United States; or that his sentence was substantively unreasonable. The Court orders Bernard's lawyer, Norman Trabulus, Esq., to submit an affidavit on or before January 20, 2012, addressing Bernard's allegation that Troy Vaval volunteered to testify to Bernard's innocence. It therefore reserves decision on Bernard's final ineffective assistance claim.

SO ORDERED.

Dated: Brooklyn, N.Y.
December 30, 2011

Signed by Chief Judge Carol B. Amon

_____
Carol Bagley Amon
United States District Judge