FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB 08 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NATHANIEL BERNARD,

                        Petitioner,

-against-

UNITED STATES OF AMERICA,

                        Respondent.
------------------------------------------------------------X

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
07-cv-5222 (CBA)

**AMON, United States District Judge.**

On December 30, 2011, the Court denied three grounds for relief asserted by Nathaniel Bernard in his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. With respect to the remaining claim, which asserted ineffective assistance of counsel for his lawyer's alleged failure to call Bernard's uncle to testify at trial, the Court directed counsel to submit an affidavit concerning Bernard's allegations. Counsel has done so and Bernard has responded to this affidavit with one of his own. The Court now reviews this claim. Bernard also asks the Court to reconsider its decision with respect to his third claim. For the reasons below, relief is denied.

*BACKGROUND*

Familiarity is assumed with the facts as set forth in the Court's December 30, 2011 Memorandum and Order. The Court discusses them only as necessary to explain its holding.

*DISCUSSION*

    *I.*    *Ineffective Assistance of Counsel Claim: Failure to Call Troy Vaval*

Bernard's remaining claim argues that trial counsel was ineffective for failing to interview and then call at trial Troy Vaval, Bernard's uncle and co-defendant. He claims that Vaval "told

1

counsel that he would testify to [Bernard's] claim of innocence. Mot. for Leave to Amend, D.E. #6, at 1. The only evidence offered by Bernard to support this allegation was his own spare affidavit.

Nonetheless, the Court ordered Bernard's trial counsel, Norman Trabulus, Esq., to address these allegations. In his affidavit, Trabulus averred that at several initial joint pre-trial meetings, Vaval claimed that he was unaware that a robbery was going to take place on the date in question, and that Bernard knew even less than he did. Trabulus Aff. ¶ 4. Trabulus had misgivings about the veracity of this account, which he conveyed to Bernard. *Id.* ¶ 6-8. Specifically, Trabulus thought that several inconsistencies in Vaval's account would cause the jury to question Vaval's truthfulness, and thus question his testimony that Bernard was innocent. *Id.* ¶ 8.

At the last pre-trial meeting, Vaval changed his story. *Id.* ¶ 10. He now claimed that the robbery was his idea. *Id.* As a result, both Vaval and his attorney told Trabulus that Vaval could no longer testify in his own defense. *Id.* ¶ 11. Vaval's attorney eventually informed Trabulus that Vaval would plead guilty, that he would not testify at Bernard's trial, and that if called he would assert his right against self-incrimination. *Id.* ¶ 12. Vaval pled guilty on September 9, 2003, prior to Bernard's October 2003 trial. Trabulus avers that he explained this course of events to Bernard. *Id.* ¶ 14.

Bernard responded to this affidavit with one of his own on January 20, 2012. Bernard avers that he wanted Vaval to testify on his behalf and that he told Trabulus this. Bernard Aff. ¶ 2. He argues that Trabulus's view that the jury would not believe Vaval was "mere speculation." *Id.* Bernard further claims that Trabulus never explained to him why Vaval would not testify, and that Vaval himself never told his own lawyer that he would not testify. *Id.* This, he claims,

establishes that "Troy Vaval's counsel could never [have] expressed to my counsel that he cannot or will not testify on my behalf." *Id.* Lastly, Bernard states that Vaval is now willing to appear in any future hearing or to submit an affidavit. He requests that the Court conduct an evidentiary hearing on this issue.

Under 28 U.S.C. § 2255(b), a hearing need not be held where "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief...." 28 U.S.C. § 2255(b). The Second Circuit has held that it is "within the district court's discretion" to use other methods—ordering affidavits, for instance—to "expand the record without conducting a full-blown testimonial hearing." *Chang v. United States*, 250 F.3d 79, 84-86 (2d Cir. 2001). If these other methods provide a sufficient basis for denying the petition, the district court has discretion to do so. *Id.*

To establish ineffective assistance of counsel, Bernard must establish (1) that counsel's performance "fell below an objective standard of reasonableness," and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 687, 694. "The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances," and "[t]here is a strong presumption that counsel's performance falls within the wide range of professional assistance." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986).

Trabulus has explained that he was told that Vaval would invoke his privilege against self-incrimination if called at Bernard's trial. Bernard has done nothing to refute the claim that Trabulus was indeed told this. And, as Trabulus points out, it would have been improper for him

to circumvent Vaval's lawyer in order to speak with Vaval about testifying. Interviewing Vaval was not an option.

Moreover, that Vaval's counsel told Trabulus that Vaval would invoke the privilege and that Trabulus believed it are both entirely credible. It was by then settled that a co-defendant's Fifth Amendment privilege survives a guilty plea, *see Mitchell v. United States*, 256 U.S. 314 (1999), and that such a privilege exists where it is "evident from the implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result," *Hoffman v. United States*, 34 U.S. 479, 486-87 (1951). *United States v. Lumpkin*, 192 F.3d 280, 284-85 (2d Cir. 1999). Indeed, considering that Vaval had not yet been sentenced, the decision not to testify would have been the prudent thing to do. Accordingly, the Court cannot credit Bernard's unsupported assertion that Trabulus was not told that Vaval would assert privilege if called at trial.

The Court finds that Bernard's and Trabulus's affidavits are sufficient for it to decide that Trabulus did not act unreasonably. This conclusion is fully consistent with the Second Circuit's decision in *Chang v. United States*, 250 F.3d 79, 84-86 (2d Cir. 2001), which recognized a district court's discretion to deny without a hearing claims that, like Bernard's, are "based solely on [a petitioner's] own highly self-serving and improbable assertions." Bernard's ineffective assistance of counsel claim concerning the testimony Vaval would have given is therefore denied.

*II. Motion to Reconsider*

Bernard also asks the Court to reconsider its holding that, for purposes of 18 U.S.C. § 2114(a), the Government was not required to prove that Bernard knew the money stolen

4

belonged to the United States Government. Specifically, he argues that although the substantive robbery offense, 18 U.S.C. § 2114, does not require that the defendant know that the person he robs has "lawful charge, control, or custody of any mail matter or of any money or other property of the United States," the Government must make such a showing to convict him of conspiracy to commit that offense under 18 U.S.C. § 371. He cites a Seventh Circuit decision, *United States v. Salgado*, 519 F.3d 411 (7th Cir. 2008), in support of his argument. The Court apparently overlooked this aspect of his argument.

As an initial matter, the Court notes that since Bernard did not submit this argument on direct appeal, it is procedurally barred. *United States v. Frady*, 456 U.S. 152, 167-68 (1982). In any event, it is without merit.

Although there is language in *Salgado* that appears to support Bernard's contention, the Court cannot reconcile that language with the Supreme Court's holding in *United States v. Feola*, 420 U.S. 671 (1975), or the law of the Second Circuit. As the Court explained in its December 30, 2011 Memorandum, courts (including that in *Salgado*) have recognized that the requirement under § 2114(a) that the money stolen belongs to the United States is such a jurisdictional requirement, for which knowledge is not required. *See United States v. Smithen*, 213 F.3d 1342, 1343-44 (11th Cir. 2000); *United States v. Salgado*, 519 F.3d 411, 413-14 (7th Cir. 2008); *cf. United States v. Feola*, 420 U.S. 671, 684-86 (1975) (holding that knowledge that victim is a federal officer not required for conviction of 18 U.S.C. § 111); *United States v. Jermendy*, 544 F.2d 640, 641 (2d Cir. 1976) (knowledge that property belongs to United States is not required for conviction under 18 U.S.C. § 641). The Supreme Court held in *Feola* that "where knowledge of the facts giving rise to federal jurisdiction is not necessary for conviction of a substantive offense embodying a mens rea requirement, such knowledge is equally irrelevant to questions of

responsibility for conspiracy to commit that offense." 410 U.S. at 696; *see United States v. Rosa*, 17 F.3d 1531, 1545-46 (2d Cir. 1994) ("[I]f, as in *Feola*, the acts performed or planned are clearly criminal, the coconspirators need not have been aware of the crime's federal nature."); *United States v. Eisenberg*, 596 F.2d 522, 526 (2d Cir. 1979).[1]

Accordingly, Bernard's motion to reconsider is denied.

## CONCLUSION

For the above reasons, relief is denied on the remaining claim in Bernard's motion under 28 U.S.C. § 2255. Bernard's motion to reconsider is also denied. Because Bernard has failed to make a substantial showing that he was denied a constitutional right, no certificate of appealability shall issue. 28 U.S.C. § 2253(c)(2). The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: Brooklyn, N.Y.
February 9, 2012

/Signed by Chief Judge Carol B. Amon/
Carol Bagley Amon
Chief United States District Judge

---

[1] In any event, Bernard's sentence on the conspiracy to commit robbery count was 60 months to run concurrently with the lengthier sentences imposed for the substantive offenses. Accordingly, modifying the judgment in the manner requested would be of little practical benefit to Bernard.